1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2024

SEAN F. McAVOY, CLERK

3

4

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

7   ADAM PERSELL,

8                    Plaintiff,            NO:  2:24-CV-0367-TOR

9        v.                                ORDER DISMISSING ACTION

10  AARON BROWN, DANIEL JONES,
    KERRY DEYOUNG, LEONA
11  CHAPMAN, DAWSON BRICKEY,
    ALEX ROCKSTROM, ZACHARY
12  ESPINOZA, JONATHAN
    MARTINEZ, and STEVEN NIELSEN,
13
                     Defendants.
14

15       BEFORE THE COURT is Plaintiff Adam Persell's First Amended

16  Complaint. ECF No. 11.  Plaintiff, a prisoner currently housed at the Airway Heights

17  Corrections Center, is proceeding *pro se* and *in forma pauperis*.  ECF No. 5.

18  Defendants have not been served.

19       The Court severed Plaintiff's claims from those of Co-Plaintiffs Kurt Jeffrey

20  Angelone and John Griffin Headrick, and directed that Plaintiff proceed in his

ORDER DISMISSING ACTION -- 1

1  individual action.  ECF No. 12.  Plaintiff seeks monetary damages for alleged Eighth

2  Amendment violations and state law claims of negligence, breach of duty of care,

3  medical negligence, and intentional tort.  ECF No. 11 at 3–9.

4         As a general rule, an amended complaint supersedes the original complaint

5  and renders it without legal effect.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th

6  Cir. 2012).  Therefore, "[a]ll causes of action alleged in an original complaint which

7  are not alleged in an amended complaint are waived."  *King v. Atiyeh,* 814 F.2d 565,

8  567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th

9  Cir. 1981))*, overruled in part by Lacey,* 693 F.3d at 928 (any claims voluntarily

10  dismissed are considered to be waived if not repled).

11         Furthermore, defendants not named in an amended complaint are no longer

12  defendants in the action.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

13  1992).  Therefore, Defendants Washington State Department of Corrections,

14  Superintendent Ronald Haynes, AHCC, Lance Hall, Sgt. D. Young, Sgt. McKinney,

15  Jane and John Doe Correctional Officers and Personnel from the original complaint

16  were terminated and Defendants Kerry DeYoung, Leona Chapman, Dawson

17  Brickey, Alex Rockstrom, Zachary Espinoza, Jonathan Martinez and Steven Nielsen

18  were added.

19         Liberally construing the entirety of the First Amended Complaint in the light

20  most favorable to Plaintiff, however, the Court finds that he has failed to state a

ORDER DISMISSING ACTION -- 2

1    claim upon which this Court can grant him relief.

2                      **PLAINTIFF'S ALLEGATIONS**

3          Plaintiff accuses First Shift Commander Lieutenant Aaron Brown of using

4    excessive force in violation of the Eighth Amendment.  ECF No. 11 at 3.  He also

5    accuses Defendant Brown of being deliberately indifferent to his serious medical

6    needs.  *Id.* at 5.  He accuses the additional eight Defendants of failing to intervene.

7    *Id.* at 6–7.

8          Plaintiff states that on February 15, 2023, at approximately 3:00 a.m.,

9    Defendant Brown conducted an unauthorized training exercise with (CS) tear gas

10   obtained without authorization from the prison armory, and without a certified

11   instructor.  *Id.* at 3.  He avers Defendant Brown released a CS gas grenade near the

12   unit where Plaintiff was housed, exposing prisoners to the gas via the HVAC system.

13   *Id.*

14         Plaintiff states that he woke to "burning skin and eyes, with a extreme

15   difficulty breathing[,]" and was "exposed to prolonged and intense pain for several

16   hours."  *Id.* at 4 (as written in original).   Plaintiff states, "[t]he gas was blown

17   through the vent for approximately 30 minutes before the system was shut down."

18   *Id.*  Plaintiff states he suffered "intense burning of both eyes, nose, throat, lungs and

19   skin" and was "denied medical attention."  *Id.*

20         Plaintiff asserts he was "yelling for help, making pleas to be let out of his cell

ORDER DISMISSING ACTION -- 3

1  to see medical and asking what was happening.  Defendant Aaron Brown's response

2  was no, he's not allowing anybody out and it could possibly be an electrical fire.  I

3  continued to ask for help and he obviously knew exactly what happened and knew

4  he was the one who released the gas." *Id.* at 5.  Plaintiff asserts Defendant Brown

5  "knew it was mandatory to have the plaintiff decontaminated from the constant

6  exposure" but he was "deliberately indifferent to plaintiffs medical needs." *Id.* (as

7  written in original).

8       Plaintiff asserts that Defendant Brown's actions "also constituted negligence,

9  medical negligence, gross negligence standard of care, breach of duty, use of force."

10  *Id.* at 6.  Plaintiff accuses Defendant Brown of failing to "follow D.O.C. policies,

11  protocols, state and federal laws as they relate to igniting CS gas grenades against

12  prisoners." *Id.*  Plaintiff states he "now has trouble sleeping because of fear that he

13  will be gassed again while sleeping. Problems catching his breath and breathing,

14  sinus problems." *Id.* (as written in original).

15       The Eighth Amendment's prohibition of cruel and unusual punishment

16  imposes duties on prison officials to provide prisoners with the basic necessities of

17  life such as food, clothing, shelter, sanitation, medical care and personal safety.  *See*

18  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney,* 509 U.S. 25,

19  31 (1993).  To state a claim for unconstitutional conditions of confinement, a

20  prisoner must allege that a Defendant's acts or omissions deprived the prisoner of

ORDER DISMISSING ACTION -- 4

"the minimal civilized measure of life's necessities" and that the Defendant acted with deliberate indifference to an excessive risk to inmate health or safety.  *See* Farmer, 511 U.S. at 834.

Plaintiff has alleged no facts from which the Court could infer that Defendant Brown was deliberately indifferent to the risk of CS gas exposure.  While Plaintiff later asserts that "[D]efendant Brown was going to purposly going to expose prisoners to CS gas[,]" and that eight other Defendants failed to intervene, ECF No. 11 at 7 (as written in original), his attached exhibits contradict that any exposure was intentional.  Based on Plaintiff's exhibits, Aaron Brown attested to the truth and accuracy of the following statement he made on March 23, 2023: "When the CS accidentally made it to the unit, my chest sunk."  ECF No. 11-1 at 6.

Aaron Brown further attested, "I did not notify medical because I personally checked on any I/I awake.  They all said they were ok other than a slight burning.  If one of them had claimed a medical emergency or emergency grievance then I would of contacted medical."  *Id.* (as written in original).  In an additional attestation dated March 22, 2023, Aaron Brown stated, "Most all the I/I's that complained of burning eyes and smoke had gone back to sleep, by the time I had left the unit." *Id.* at 10.

Yet another attestation dated March 20, 2023, by a person with the initials "SL" and an unclear signature, states that incarcerated individuals were experiencing a "[l]ittle coughing and the complaining of what the smell was.  There was one

ORDER DISMISSING ACTION -- 5

comment that we gassed them.  We did not tell them what it was that they smelled

. . . One guy, I think in a corner cell kept complaining and wanted to be let out, but

he was not let out.  We did talk with him, and he appeared fine.  We did tier checks

and talked with anyone that was awake and affected.  Before we left the unit, most

all I/I's had their lights back off and went back to bed.  I did mention to the

Lieutenant that he should alert someone asap of this situation." *Id.* at 16.

When exhibits are attached to a complaint, the exhibits are deemed part of the

complaint for all purposes, including for purposes of determining the sufficiency of

the  claims.  *See* Fed.R.Civ.P. 10(c); 5A Wright & Miller, Federal Practice and

Procedure: Civil 3d § 1327, at 443–44 (2002).  If an exhibit attached to a complaint

contradicts an assertion in the complaint and reveals information that prohibits

recovery as a matter of law, the information provided in the exhibit trumps the

allegation in the complaint.  *Wilson v. Fitter*, 2009 WL 6908049, at *2 (C.D. Cal.

Nov. 5, 2009) *report and recommendation adopted*, 2010 WL 3893992 (C.D. Cal.

Sept. 30, 2010) (citing *Riggins v. Walter,* 279 F.3d 422, 425–26 (7th Cir. 1995)

(affirming dismissal of prisoner's § 1983 claims where information in attached

exhibit contradicted allegation of complaint); *Hudson v. Phillipson*, 2008 WL

356884, *3 (W.D. Mich. Feb.7, 2008) (dismissing prisoner's § 1983 claims where

information in attached exhibits conflicted with allegations of complaint)).

Here, the attached attestation of an accident does not support an Eighth

ORDER DISMISSING ACTION -- 6

1   Amendment claim that Defendant Brown acted with deliberate indifference to

2   Plaintiff's safety when deploying the tear gas.   While Defendant Brown may have

3   acted negligently or in violation of DOC policy, such claims do not state a

4   constitutional violation.   *See Davidson v. Cannon,* 474 U.S. 344, 347–48 (1986)

5   (Negligence is not actionable in an action pursuant to 42 U.S.C. § 1983); *Cousins*

6   *v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (The failure to follow prison policy

7   does not establish a constitutional violation).   Without an underlying constitutional

8   violation, Plaintiff's allegations that eight additional Defendants failed to intervene

9   to prevent the deployment of the tear gas will not support a claim to relief.   *See* ECF

10  No. 11 at 6–7.

11       Furthermore, Plaintiff's assertion that he was denied medical attention is

12  contradicted by the attestation of Defendant Brown that, "If one of them had claimed

13  a medical emergency or emergency grievance then I would of contacted medical."

14  ECF No. 11-1 at 6 (as written in original).   Because this attestation trumps the

15  allegation in the First Amended Complaint, the Court cannot infer deliberate

16  indifference on the part of Defendant Brown to Plaintiff's serious medical needs.   As

17  presented, Plaintiff has failed to state an Eighth Amendment claim upon which this

18  Court can grant relief.

19       Under the circumstances of this case, the Court finds that further amendment

20  would be unavailing.   *See Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d

ORDER DISMISSING ACTION -- 7

1 | 1034, 1041 (9th Cir. 2011).  In the absence of a viable federal constitutional claim,

2 | the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law

3 | claims.  *See* 28 U.S.C. § 1367(c)(3).  Nevertheless, the Court will dismiss this action

4 | without prejudice to Plaintiff pursuing those claims.

5 |        **ACCORDINGLY**, **IT IS ORDERED:**

6 |    1. The First Amended Complaint, ECF No. 11, is **DISMISSED without**

7 |      **prejudice** to Plaintiff pursing his state law claims in the appropriate forum.

8 |    2. This dismissal will not count as a dismissal under 28 U.S.C. § 1915(g).  *See*

9 |      *Harris v. Harris*, 935 F.3d 670 (9th Cir. 2019).

10 |    3. Plaintiff's *in forma pauperis* status is hereby **REVOKED.**

11 |    4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this

12 |      Order would not be taken in good faith and would lack any arguable basis in

13 |      law or fact.

14 |      The Clerk of Court is directed to enter this Order and Judgment accordingly,

15 | provide copies to Plaintiff, and **CLOSE** the file.

16 |      **DATED** October 30, 2024.

17



18 |                THOMAS O. RICE
             United States District Judge

19

20

ORDER DISMISSING ACTION -- 8